**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMARQUIS ETHERIDGE, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-CV-03002 |
| AT&T INC. AND AT&T MOBILITY LLC, | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

i

**I.     INTRODUCTION**

As stated in AT&T Inc. and AT&T Mobility LLC's (hereinafter collectively, "AT&T") motion to compel arbitration, Plaintiff Jamarquis Etheridge's (hereinafter "Plaintiff" or "Mr. Etheridge") claims are subject to the arbitration provision and should be compelled to arbitration. Mr. Etheridge's argument that AT&T's arbitration provision is unenforceable because it is procedurally and substantively unconscionable is unsupported by both the law and facts surrounding this matter. Mr. Etheridge does not contest signing in agreement to AT&T's written 2009 Terms of Service ("the Agreement"), including the arbitration clause. Nor does Mr. Etheridge argue that his specific claims are not subject to the arbitration clause. Because the Agreement is a valid agreement to arbitrate and the claims are within the scope of the Agreement AT&T respectfully moves the Court to compel Mr. Etheridge's claims to arbitration, as well as stay this action pending completion of the arbitration proceedings.

**II.    ARGUMENT**

Mr. Etheridge argues that the agreement to arbitrate claims which arise out of his contractual relationship with AT&T for telecommunications services is both procedurally and substantively unconscionable under state law. "Under Texas law, unconscionability includes two aspects: (1) procedural unconscionability, which refers to the circumstances surrounding the adoption of the arbitration provision, and (2) substantive unconscionability, which refers to the fairness of the arbitration provision itself." *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 301 (5th Cir. 2004) (citing *In re Halliburton Co.*, 80 S.W.3d 566, 571 (Tex. 2002)). Courts may consider both procedural and substantive unconscionability of an arbitration clause in evaluating its validity. *In re Halliburton Co*., 80 S.W.3d at 572. "The party contesting the contractual arbitration provision has the burden to show procedural unconscionability." *Smith v. H.E. Butt Grocery Co.*, 18 S.W.3d 910, 912 (Tex. App. 2000)).

1

The Agreement is not an unconscionable contract of adhesion. In fact, the United States Supreme Court upheld a materially identical AT&T arbitration provision in *AT&T Mobility LLC v. Conception*. 131 S. Ct. 1740, 1748 (2011).[1] Moreover, this district has held that AT&T's arbitration provision, contained in the Terms of Service, is fully enforceable. *Johnson v. AT & T Mobility, L.L.C.*, No. 4:09-CV-4104, 2010 WL 5342825, at *3 (S.D. Tex. 2010) (finding AT&T Terms of Service enforceable, including the arbitration provision stating "AT&T and you agree to arbitrate all disputes and claims between us. This agreement to arbitrate is intended to be broadly interpreted.) The arbitration provision which Mr. Etheridge consented to contains the exact same language described above. (See Dkt. 11 (Fuller Decl., Exhibit B, ¶ 8)).

### A.   The Agreement is Not Procedurally Unconscionable

Procedural unconscionability challenges the fairness of the contract formation process. *See Arkwright–Boston Mfrs. Mut. Ins. Co. v. Westinghouse Elec. Corp.,* 844 F.2d 1174, 1184 (5th Cir. 1988). Under Texas law, arbitration agreements are not inherently procedurally unconscionable, even if they might be considered contracts of adhesion. *See Carter*, 362 F.3d at 301 ("In Texas, there is nothing per se unconscionable about arbitration agreements; indeed, parties claiming unconscionability bear the burden of demonstrating it."); *In re Palm Harbor Homes, Inc*., 195 S.W. 3d 672, 679 (Tex. 2006); *In re AdvancePCS Health L.P.,* 172 S.W. 3d 603, 608 (Tex. 2005); *EZ Pawn Corp. v. Mancias*, 934 S.W. 2d 87, 90–91 (Tex. 1996) (unequal bargaining power alone does not

---

[1] In the wake *of Conception*, numerous courts around the country have confirmed that the FAA requires enforcement of AT&T's arbitration provision. *See, e.g., Coneff v. AT&T Corp.*, 673 F.3d 1155, 1158 (9th Cir. 2012); *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205, 1212-16 (11th Cir. 2011); *Blau v. AT&T Mobility*, 2012 WL 10546, at *5 (N.D. Cal. Jan. 3, 2012); *In re Apple & AT&TM Antitrust Litig.*, 826 F. Supp. 2d 1168, 1174-75 (N.D. Cal. 2011); *Hendricks v. AT&T Mobility, LLC*, 823 F. Supp. 2d 1015, 1019-23 (N.D. Cal. 2011); *Nelson v. AT&T Mobility LLC*, 2011 WL 3651153, at *2-*4 (N.D. Cal. Aug. 18, 2011); *Boyer v. AT&T Mobility Servs., LLC*, 2011 WL 3047666, at *3 (S.D. Cal. July 25, 2011); *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 2011 WL 2886407, at *3-*4 (N.D. Cal. July 19, 2011); *see also Sherman v. AT&T Inc.*, 2012 WL 1021823, at *4 (N.D. Ill. Mar. 26, 2012).

2

defeat an agreement to arbitrate). Indeed, some form of oppression and unfairness must taint the negotiation process leading to the agreement's formation. *El Paso Nat. Gas Co. v. Minco Oil & Gas Co.*, 964 S.W.2d 54, 61 (Tex.App. 1998), rev'd on other grounds, 9 S.W.3d 309 (Tex. 1999).

Completely ignoring the multiple arbitration references contained in the Wireless Service Agreement, Mr. Etheridge argues that the contract was procedurally unconscionable because the "AT&T User Manual containing the arbitration provision was a pre-printed, 26-page document which Plaintiff had no power to negotiate nor did negotiate." (Dkt. 12, ¶14.) Mr. Etheridge does not cite any opinions that support his allegation. Moreover, this district has found no procedural unconscionability where "Plaintiff had the choice of wireless service providers but chose to contract with [AT&T] despite the arbitration agreement contained in its Terms of Service." *Johnson,* 2010 WL 5342825, at *4. Additionally, the page number of the Agreement does not support an argument of procedural unconscionability, as the 5th Circuit has held that manuals over 200 pages including an arbitration provision are not procedurally unconscionable. *Crawford Professional Drugs, Inc. v. CVS Caremark Corp*., 748 F.3d 249, 265 (5th Cir. 2014).

Citing out of Circuit opinions, Mr. Etheridge claims that the provision was also procedurally unconscionable because it was a surprise.[2] Mr. Etheridge may not escape his agreements on procedural-unconscionability grounds because AT&T did not draw his attention to what he was signing. *Crawford Professional Drugs, Inc.*, 748 F.3d at 265.

---

[2] Mr. Etheridge briefly counters that because he did not read the Customer Service Agreement and Terms of Service when he signed the Customer Service Agreement he did not assent. This argument fails as Texas courts have held failing to read an agreement, even when a party claims there was no opportunity to read or understand the agreement, does not excuse a party from arbitration. *Sosa v. PARCO Oilfield Serv's, Ltd.,* Civ. Action No. 2:05–CV–153, 2006 WL 2821882, at *5 (E.D. Tex. 2006) (citing *EZ Pawn Corp.*, 934 S.W.2d at 90)

Even if Mr. Etheridge did not have subjective knowledge of the arbitration clause, "courts do not find surprise if an arbitration clause is clearly set out, such as by "bold and conspicuous language[.]" *Evergreen Media Holdings v. Warner Brothers Entertainment.* No. CIV.A. H-14-0793, 2014 WL 5681852, at *8 (S.D. Tex. 2014). Mr. Etheridge's surprise argument seems to be premised on the fact that he did not read the Agreement rather than any allegation that the terms were hidden. As demonstrated in AT&T's motion, Mr. Etheridge was informed of the Agreement through the Wireless Service Agreement, which he assented to along with the Agreement. (Dkt. 11. (Decl. of Fuller, Exs. A, B, C.)) The Wireless Service Agreement stated several times that there was an arbitration agreement in both bold typed font and in capitals. (Dkt. 11. (Decl. of Fuller, Ex. A.)) Thus, Mr. Etheridge was informed of the arbitration agreement by more than one document and cannot now claim that he was surprised.

Lastly, Mr. Etheridge argues that the failure to attached AAA Commercial Arbitration Rules, results in procedural unsconscionability. Again, Mr. Etheridge cites no 5th Circuit or Texas law on this matter, citing instead to out of context opinions that did not discuss AAA Commercial Arbitration Rules. Regardless, Texas courts have repeatedly rejected Mr. Etheridge's argument as such terms are binding even where a signer did not receive a copy of the referenced document. *See U.S. ex rel. Cassaday v. KBR, Inc.*, 590 F. Supp. 2d 850, 855 (S.D. Tex. 2008) (relying on Texas law: "[T]o the extent Cassaday argues the arbitration provision is unconscionable because KBR did not give him a copy of the KBR Dispute Resolution Program rules … the Court finds this argument is unavailing and without merit."); *In re Raymond James & Associates, Inc.* 196 S.W.3d 311, 318-19 (Tex.App. 2006) (finding that an arbitration provision in an incorporated document bound account holders even though they never received a copy). In light of the applicable Texas law, Mr. Etheridge's allegations of procedural unconscionability are insufficient to invalidate the Agreement.

### B.  The Arbitration Provision is Not Substantively Unconscionable

Mr. Etheridge's only argument concerning substantive unconscionability is that arbitration was not within the reasonable contemplation of Mr. Etheridge. Without citing any support Mr. Etheridge contends his surprise alone is adequate to avoid the arbitration provision. However, this is neither a factor of substantive unconscionability nor accurate as explained above.

To the contrary, "substantive unconscionability addresses the fairness of the terms of the contract itself. A contract may be substantively unconscionable when the terms of the contract are so one-sided as to be overly oppressive or unduly harsh to one of the parties." *Crawford Professional Drugs, Inc.*, 748 F.3d at 263 (internal citations and quotations omitted). Mr. Etheridge has made no argument that the terms of the contract are one sided, nor has he discussed the terms of the agreement at all. Given Mr. Etheridge's failure to point to any factors supporting procedural or substantive unconscionability, this Court should find the arbitration agreement valid and enforceable.

### C.  The Claims Are Within the Scope of the Arbitration Provision

The relevant portion of the Agreement reads: "AT&T and you agree to arbitrate all disputes and claims between us. This agreement to arbitrate is intended to be broadly interpreted.  It includes, but is not limited to, claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory." (Dkt. 11 (Decl. of Fuller, Ex. B.)) Because the arbitration provision contains phrases that suggest it encompasses all claims, such as "arising out of" and "relating to," it is a "broad arbitration clause[] capable of expansive reach." *See Pennzoil Explor. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) (*citing Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 397–98 (1967)). Such "broad" arbitration clauses "embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to

5

the dispute." *Id*. Thus, as the language encompasses "all disputes and claims" "arising out of" or "relating to" the agreement, the scope of the arbitration clause encompasses Mr. Etheridge's allegation that AT&T failed to implement security measures that would have protected against unauthorized access to his phone number.

## III. CONCLUSION

For the foregoing reasons, AT&T respectfully requests that the Court compel Mr. Etheridge's claims to arbitration and stay this case pending completion of the arbitration proceedings.

DATED: December 15, 2021   Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ Patrick J. Carew
Patrick J. Carew
**Attorney-In-Charge**
Texas State Bar No. 24031919
Federal Bar No. 1104841
2001 Ross Avenue, Suite 440
Dallas, TX 75201
Telephone: (214) 922-7155
Facsimile: (214) 279-5178

Nancy L. Stagg (to be admitted *pro hac vice*)
CA Bar No. 157034
12255 El Camino Real, Ste. 250
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 408-3931

Attorneys for DEFENDANTS
AT&T INC. AND AT&T MOBILITY LLC

**CERTIFICATE OF SERVICE**

       The undersigned counsel for Defendant AT&T Mobility LLC hereby certifies that a true and correct copy of the foregoing instrument was served on the counsel identified below pursuant to the Federal Rules of Civil Procedure on this 15th day of December, 2021.

    Richard E. Brown
    Brownreb34@aol.com
    RICHARD E. BROWN ATTORNEY AT LAW, P.C.
    54 Sugar Creek Center Blvd., Suite 300
    Sugar Land, Texas 77478

                                      */s/ Patrick J. Carew*
                                      Patrick J. Carew